**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PETER DAVID GILBOY,**

                Appellant,                1:13-cv-1138
                                                                   (GLS)

       v.

**KENT R. REUKEMA,**

                Appellee.
_____

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE APPELLANT:**
Peter David Gilboy
Pro Se
1002 West Kill Road
Jefferson, NY 12093

**FOR THE APPELLEE:**
Lemery, Greisler Law Firm         PAUL A. LEVINE, ESQ.
50 Beaver Street
2nd Floor
Albany, NY 12207

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Appellant Peter David Gilboy appeals from an order of the Bankruptcy Court (Littlefield, C.J.), filed July 31, 2013, which granted appellee Kent R. Reukema's motion to dismiss Gilboy's Chapter 7 bankruptcy petition. (Dkt. No. 1; Dkt. No. 2, Attach. 6.) For the reasons

that follow, Bankruptcy Court's order is affirmed.

## II. **Background**

In July 2010, Reukema filed an action in California state court alleging breach of contract by Gilboy. (Dkt. No. 2, Attach. 1 at 17-22.) Reukema sought $600,000 in damages. (*Id.* at 22.) According to the parties, the state court action had proceeded almost to the point of trial, when, on April 2, 2013, Gilboy filed a voluntary petition for bankruptcy in the Northern District of New York, under Chapter 7 of the United States Bankruptcy Code. (Dkt. No. 2 at 1-3; Dkt. No. 5 at 6; Dkt. No. 6 at 2-3.) Gilboy's petition indicates that his only liability is an unsecured nonpriority claim by Reukema in the amount of $600,000, representing the amount sought by Reukema in the state court action. (Dkt. No. 2 at 6, 18; Dkt. No. 2, Attach. 7 at 2-3.) Thereafter, Reukema filed a motion to dismiss the petition pursuant to 11 U.S.C. § 707(a). (Dkt. No. 2, Attach. 1.)

Following a hearing on July 24, 2013, (Dkt. No. 2, Attach. 7), Bankruptcy Court ordered that Reukema's motion be granted and Gilboy's petition be dismissed, "for cause," pursuant to § 707(a). (Dkt. No. 2, Attach. 6.) On September 13, 2013, Gilboy filed a notice of appeal. (Dkt. No. 1.)

2

## III. Standard of Review

District courts have jurisdiction to hear both interlocutory and final appeals from orders of the bankruptcy court. *See* 28 U.S.C. § 158(a). In exercising its appellate jurisdiction, the district court distinguishes between findings of fact and conclusions of law; reviewing the former under the "clear error" standard, and the latter *de novo*. *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 482-83 (2d Cir. 2012); *see United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). Where a finding is mixed—*i.e.*, it contains both conclusions of law and factual findings—the *de novo* standard applies. *See Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1575 (2d Cir. 1994). After applying these standards to the questions of law and fact, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

## IV. Discussion

Gilboy urges the court to reverse Bankruptcy Court's order, arguing

that there was no "cause" for the dismissal of his petition. (Dkt. No. 5 at 8-10.) Specifically, he asserts that he did not engage in any egregious or fraudulent conduct that would amount to bad faith conduct, which would constitute cause for the dismissal. (*Id.*) Reukema argues that Bankruptcy Court's order should be affirmed because, given the pendency of the underlying state court action, which had not yet been adjudicated, Gilboy did not yet have any debt, and therefore had no bankruptcy purpose for his filing. (Dkt. No. 6 at 7-12.) This order of Bankruptcy Court is subject to a review for clear error. *See Clear Blue Water, LLC v. Oyster Bay Mgmt. Co.*, 476 B.R. 60, 66 (E.D.N.Y. 2012); *U.S. Fidelity & Guar. Co. v. DJF Realty & Suppliers, Inc.*, 58 B.R. 1008, 1011 (N.D.N.Y. 1986). Having reviewed the underlying record and finding no clear error in Bankruptcy Court's order that the petition in this case should be dismissed for cause, (Dkt. No. 2, Attach. 6), the court affirms.

Pursuant to 11 U.S.C. § 707(a), a bankruptcy court "may dismiss a [Chapter 7] case . . . only after notice and a hearing and only for cause." Although not explicitly mentioned in the statute, courts have made clear that the Bankruptcy Code imposes a general good faith requirement, and that "[t]he absence of a debtor's 'good faith' has been generally recognized

4

as a valid 'cause' for dismissal under Code § 707(a)." *In re Griffieth*, 209 B.R. 823, 827 (Bankr. N.D.N.Y. 1996). Several factors have been enumerated which, if present, would indicate a lack of good faith. As relevant here, those factors include: a "debtor's manipulations having the effect of frustrating one particular creditor"; a "debtor . . . overutilizing protections of the Code to the unconscionable detriment of creditors," *Blumenberg v. Yihye (In re Blumenberg)*, 263 B.R. 704, 715 (Bankr. E.D.N.Y. 2001) (quoting *Griffieth*, 209 B.R. at 827); "[a] debtor fil[ing] in response to a judgment, pending litigation or collection action [in an attempt] to avoid a large single debt"; and "[t]he unfairness of the use of Chapter 7," *In re Lombardo*, 370 B.R. 506, 512 (Bankr. E.D.N.Y. 2007).

More generally, a bankruptcy petitioner must have a proper bankruptcy purpose. *See, e.g.*, *Gootnick Family Trust v. Office of U.S. Trustee (In re Gootnick Family Trust)*, Civ. Nos. 06-00412, 06-00540, 07-00042, Bankr. Case No. 06-00052, 2007 WL 1464028, at *6 (D. Haw. May 17, 2007) (citing "the lack of a legitimate bankruptcy purpose" as justification for dismissal)*; In re Muskogee Envtl. Conservation Co.*, 236 B.R. 57, 68 (N.D. Okla. 1999) (dismissing on the basis that bankruptcy does not "exist[ ] for the purpose of allowing a debtor the option of litigating

a dispute with a single party . . . in an alternate forum, when the debtor has no other need of or use for the bankruptcy court"). Similarly, when a bankruptcy case is filed in order "to escape the consequences of a previous judgment or to avoid impending proceedings," *Blumenberg*, 263 B.R. at 715-16, or where the timing of a bankruptcy filing indicates "that the primary . . . purpose of the filing was a litigation tactic, the petition may be dismissed as not being filed in good faith," *In re HBA East, Inc.*, 87 B.R. 248, 260 (Bankr. E.D.N.Y. 1988). *See In re SGL Carbon Corp.*, 200 F.3d 154, 165 (3d Cir. 1999). The good faith inquiry is based on a totality of the circumstances. *See Griffieth*, 209 B.R. at 827.

Here, Gilboy confirmed at the hearing on the motion to dismiss his bankruptcy petition, that he had no other debts aside from the potential $600,000 judgment against him from the state court action. (Dkt. No. 2, Attach. 7 at 2-3.) He indicated that he filed for bankruptcy because he could no longer afford to pay an attorney to assist him in defending that action. (*Id.* at 5.) Consequently, Bankruptcy Court dismissed Gilboy's petition pursuant to § 707(a) "for cause." (Dkt. No. 2, Attach. 6.) Specifically, Bankruptcy Court indicated that there was only one potential obligation, which had not yet been adjudicated, so there was not yet any

6

determination that Gilboy owed a debt. (Dkt. No. 2, Attach. 7 at 3-10.) Therefore, Gilboy's bankruptcy filing was premature, without a bankruptcy justification, and lacking good faith. (*Id.*) Gilboy's "speculation that [he] would[ not] be able to afford the legal fees" in his state court action was "not a basis for filing of a bankruptcy petition." (*Id.* at 10.) As courts have stated, "mere speculation" that an entity may have to pay a judgment in the future is insufficient to establish a good faith bankruptcy filing. *Fraternal Composite Servs., Inc. v. Karczewski*, 315 B.R. 253, 257 (N.D.N.Y. 2004); *see SGL Carbon*, 200 F.3d at 163-64 ("[T]he mere possibility of a future need to file, without more, does not establish that a petition was filed in 'good faith.'"). Accordingly, Bankruptcy Court's order dismissing Gilboy's petition is affirmed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the July 31, 2013 order of Bankruptcy Court is **AFFIRMED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the appellant via certified mail and to the appellee in

accordance with the local rules.

**IT IS SO ORDERED.**

June 5, 2014
Albany, New York

_Gary L. Sharpe_
Chief Judge
U.S. District Court